**Ernest J. KOLTAY, Petitioner,**

v.

**Doris V. KOLTAY, Respondent.**

**No. 82SC72.**

Supreme Court of Colorado,
En Banc.

Aug. 22, 1983.

Maurice R. Franks, Pueblo, for petitioner.

Steven E. Shinn, Yuma, Brian J. Berardini, Denver, for respondent.

ERICKSON, Chief Justice.

We granted certiorari to consider whether a parent who was granted a decree dissolving his marriage may be ordered to continue child support payments for a disabled adult child after the child attains the age of majority. The Court of Appeals held that under the Uniform Dissolution of Marriage Act, sections 14–10–101 to –133, C.R.S.1973, a court can order the continuation of such payments. *In re the Marriage of Koltay,* 646 P.2d 405 (1982). We agree and therefore affirm the decision of the Court of Appeals.

I.

The marriage between Doris and Ernest Koltay was dissolved in June of 1974. In the dissolution decree, Ernest (father) was required to pay $150 per month to Doris (mother) for the support of their minor child, Karla. When Karla reached the age of twenty-one in February of 1979, the father discontinued the payments.

In September 1980, the mother filed motions for continued child support, alleging that Karla's physical and emotional condition was such that she was unable to support herself and therefore remained dependent on her mother.[1] The district court

---

1. The motion alleged: (1) that after the decree was entered Karla was hospitalized numerous times and required the services of many doctors; (2) that although Karla has attained the age of twenty-one she is still dependent upon her mother for support because of her physical and emotional condition; (3) that Karla's phys- ical and emotional condition prevent her from being employed or from providing her own support; (4) that Karla's physical and emotional conditions cause her to be totally incapacitated and therefore unemancipated; and (5) that funds issued by the insurance carrier for payment of medical bills incurred by Karla were

dismissed the motions on the grounds that the father's legal obligation to support Karla terminated as a matter of law on her twenty-first birthday and that the court was without jurisdiction to order support since no motion to continue child support had been filed before Karla reached twenty-one.

The Court of Appeals reversed and held that under the Uniform Dissolution of Marriage Act the father's duty of support is not limited to the period of Karla's minority but continues as long as she remains dependent on her parents for support. The court also held that the district court has continuing jurisdiction to order post-minority support even after the child reaches twenty-one. Therefore, the court remanded the case for a determination of whether Karla is dependent on her parents for support.

## II.

The dissolution decree in this case was entered under the Uniform Dissolution of Marriage Act, section 14–10–122(3), C.R.S. 1973 (Act), which provides that "[u]nless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child . . . ." The Koltays did not enter into an express agreement for the continuation of child support beyond "emancipation," and there was no express provision in the divorce decree to that effect. The question, then, is whether Karla is emancipated. If she is, the father has no duty to continue child support payments under the Act. The father contends that Karla became emancipated as a matter of law when she reached twenty-one, the age of majority in Colorado. Section 2–4–401(6), C.R.S.1973 (1980 Repl.Vol. 1B). We disagree.

■ Emancipation ordinarily occurs upon the attainment of majority. *See Newburgh v. Arrigo,* 88 N.J. 529, 443 A.2d 1031 (1982); *Siravo v. Siravo,* 424 A.2d 1047 (R.I.1981). At that age a person is pre-

sumed to possess the physical and mental capabilities to support himself, to establish his own residence, and in general to manage his own affairs. Under normal circumstances, parents have no legal obligation to support their children beyond the age of majority. *Feinberg v. Diamant,* 378 Mass. 131, 389 N.E.2d 998 (1979). However, when a child is obviously incapable of supporting himself by reason of some physical or mental disability, the presumption of emancipation is no longer valid, and the duty of parental support may continue under certain circumstances. *Id. See also Verna v. Verna,* 288 Pa.Super. 511, 432 A.2d 630 (1981); Washburn, *Post-Majority Support: Oh Dad, Poor Dad,* 44 Temp.L.Q. 319, 344–45 (1971).

■ Accordingly, we hold that for purposes of the child support provisions of the Uniform Dissolution of Marriage Act, the attainment of the age of twenty-one only creates a presumption of emancipation. If, by reason of some serious physical or mental disability, the child is incapable of self-support, the child is not "emancipated." A different interpretation would be wholly inconsistent with the independence that the word "emancipation" connotes. If a child is physically or mentally incapable of self-support when he attains the age of majority, emancipation does not occur, and the duty of parental support continues for the duration of the child's disability.[2] We therefore affirm the judgment of the Court of Appeals. On remand, the district court should determine whether Karla Koltay was unemancipated when she reached age twenty-one and whether she remains dependent on her parents for support. If the district court so finds, then it may order appropriate child support payments.

## III.

■ The father contends that even if he has a duty to support Karla, a dissolution action is not the proper legal proceeding to enforce the obligation. In *Wilkinson v. Wilkinson,* 41 Colo.App. 364, 585 P.2d 599

retained by the father and not remitted to the mother.

2. The Uniform Dissolution of Marriage Act does not provide for the support of a child who is emancipated at the age of majority and later becomes disabled.

(1978), the Court of Appeals held that a "dissolution court" may order post-minority support for a disabled child, even after the child has attained the age of majority. Nevertheless, the father maintains that *Wilkinson* is contrary to the great weight of authority and should not be followed.

We find nothing in the Dissolution Act to suggest that a court's authority to order a parent to pay child support is limited by the age of the child. Indeed, the history of dissolution of marriage legislation in this state leads us to the opposite conclusion. In C.R.S. '53, 46–1–5, the General Assembly empowered courts in dissolution actions to order support for minor children only. In 1958, the statute was amended to authorize courts to order support for "children dependent upon the parent or parents for support." Divorce Act, ch. 37, 1958 Colo. Sess.Laws 220, 223. The General Assembly thus deleted the restriction to "minor" children. In *Wilkinson v. Wilkinson, supra,* the Court of Appeals held, in construing the 1958 amendment to the statute, that the word "minor" should not be read back into the statute. In 1971, the divorce statute was replaced by the Uniform Dissolution of Marriage Act. The current child support provision of the Act does not limit support to minor children, but authorizes the dissolution court to order support for a "child of the marriage" after considering several factors, including the financial resources of the child and his physical and emotional condition. We also find support for our conclusion in section 14–10–116 of the Act, which authorizes the dissolution court to "appoint an attorney to represent the interests of a minor *or* dependent child with respect to his custody, support, and visitation" (emphasis added). By providing for the representation of a dependent child who is not a minor, the General Assembly thus recognizes the propriety of a claim for post-minority support in a dissolution of marriage action.

In the past, many courts have held that a dissolution action is not the proper proceeding to enforce continued support of an adult child. Annot., 162 A.L.R. 1084 (1946). In some of these decisions, however, the courts were bound by statutory language limiting child support to *minor* children. As we have noted, that restriction has been eliminated from Colorado's dissolution of marriage statute. Moreover, the modern trend is to recognize the continuing jurisdiction of the dissolution court. Of the eleven states that have adopted the Act, four have provided by statute or indicated by judicial decision that a dissolution court has continuing jurisdiction to order post-minority support for a disabled child. *Ariz.Rev.Stat. Ann.* § 25–320(B) (1976) (amended 1980); *Ill.Ann.Stat.* ch. 40, § 513 (Smith-Hurd 1980); *Minn.Stat.* §§ 518.57, 518.54 (subd. 2) (1982); *Maberry v. Maberry,* 183 Mont. 219, 598 P.2d 1115 (1979). Other jurisdictions which have not enacted the Uniform Act also support this view. *See, e.g., Kamp v. Kamp,* 640 P.2d 48 (Wyo.1980); *Fagan v. Fagan,* 381 So.2d 278 (Fla.Dist.Ct.App. 1980); *Dehm v. Dehm,* 545 P.2d 525 (Utah 1976); *McBride v. Lomheim,* 82 S.D. 263, 144 N.W.2d 564 (1966).

The father's remaining contentions are without merit. Accordingly, we affirm the decision of the Court of Appeals.

ROVIRA, J., concurs in the result only.