In re the MARRIAGE OF Kay Dianne THOMPSON, Appellee and Cross-Appellant,

and

Richard Edward Thompson, Appellant and Cross-Appellee.

No. 83CA1171.

Colorado Court of Appeals, Div. I.

Aug. 1, 1985.

Kirkman, Henley & Pelican, William H. Kirkman, Jr., Colorado Springs, for appellee and cross-appellant.

Clawson & Potter, P.C., H. Clifford Potter, Colorado Springs, for appellant and cross-appellee.

PIERCE, Judge.

In this dissolution of marriage proceeding, Richard Thompson (husband) appeals from that portion of the permanent orders relative to maintenance. Dianne Thompson (wife) cross-appeals from several other portions of the permanent orders. We affirm in part and reverse in part.

At the time of dissolution, the parties had been married approximately 25 years and had two children ages 19 and 20. The elder child had previously completed two years of college but was no longer attending school and was employed full time. The younger child was employed part time and had declined to work on a full time basis. Both children resided with wife but were not making any monetary contributions to the household expenses.

Wife was a high school graduate and had been employed approximately 16 years. Her monthly income was $1041.60. Husband had attained a college degree during the marriage while wife supported the family. Husband's monthly income was disputed but ranged between $2200 and $2900.

The trial court determined that an equal division of the marital assets was proper. Wife was awarded the marital home valued at $48,000, her retirement fund valued at $4,600, an automobile valued at $8,791, one-half of the parties' bank accounts and secu-

rities valued at $22,735.08, plus miscellaneous items for a total value of $92,341.

Husband was awarded a motor home valued at $6,500, an automobile valued at $3,725, his retirement fund valued at $19,252, a tax sheltered annuity valued at $33,600, one-half the bank accounts and securities valued at $22,735.08, and miscellaneous items for a total value of $89,205.74. In order to equalize the division, wife was ordered to pay $1,568 to husband, each party thereby receiving $90,773.74 in assets.

Husband was ordered to pay $100 per month child support for each child. This amount was subject to an increase to $250 monthly should either or both of the children elect to attend college. However, at the time of dissolution, neither child had plans to attend college. Husband was also ordered to pay spousal maintenance of $250 monthly for ten years.

Subsequent to the permanent orders, the trial court issued a "temporary order pending appeal" which adjudged the youngest son to be emancipated by virtue of his having ceased to reside with wife. The order also determined that upon his twenty-first birthday occurring on December 21, 1983, the eldest child would be emancipated. As such, the order of child support for the older child was suspended as of January 1984, and immediately as to the younger child unless he returned home or entered college.

## I.

Wife first contends that the trial court erred in valuing the parties' retirement funds as reported at the time the initial financial affidavits were filed rather than at the time of hearing. Although both parties' retirement funds were valued as of the same date, because husband's fund had accumulated a proportionately larger amount than wife's in the interim, wife asserts that the date of valuation used resulted in a deficit in her "equal" share of the assets. We agree.

■ Section 14–10–113(5), C.R.S., requires that property be valued as of the date of the dissolution or the date of hearing on the disposition of property, whichever is earlier. This provision is mandatory; therefore, it is necessary that the trial court determine the current value of both retirement funds and make the appropriate adjustments in the disposition of property.

## II.

Wife next contends that the court erred in determining it was not proper to award her credit for one-half the future selling expenses when it valued the marital home. We disagree.

■ While a trial court may consider future selling commissions when valuing real property, an allowance therefor is discretionary. See In re Marriage of Woodrum, 618 P.2d 732 (Colo.App.1980). Where, as here, wife indicated that she had no intention other than to occupy the home, we perceive no abuse of discretion in disallowing a credit.

## III.

■ Wife contends that the court erred in failing to order that child support would continue for the oldest child should he re-enter college despite having attained the age of twenty-one. We do not agree.

Under certain narrow circumstances, a child may be dependent beyond the age of twenty-one. See Koltay v. Koltay, 667 P.2d 1374 (Colo.1983); In re Marriage of Plummer, 703 P.2d 657 (Colo.App.1985). The Koltay exception addresses the problem of disabled children, and in Plummer the situation at issue was one in which there were family expectations of college degrees and active pursuit of those goals by the children. We do not read these exceptions as being applicable to the fact situation before us.

## IV.

Both husband and wife have challenged the trial court's maintenance award. Wife contends that when considering the totality

of circumstances, the maintenance award is inadequate, as a matter of law, to provide for her reasonable needs. Husband asserts that the trial court failed to make the necessary findings pertinent to determining whether wife was in need of maintenance pursuant to § 14–10–114, C.R.S. We agree with husband.

Under § 14–10–114(1)(a), C.R.S., "the propriety of an award of maintenance depends upon the inadequacy of the property and earning capacity possessed by the party seeking the award." *In re Marriage of Jones,* 627 P.2d 248 (Colo.1981).

Here, the trial court concluded that because wife's income was "just below the poverty level," maintenance was appropriate. However, there is no indication in the record that the trial court considered the assets awarded wife for the purpose of determining whether maintenance should be awarded. *See* § 14–10–114(1)(a), C.R.S. Additionally, there is no indication that the trial court considered the factors listed in § 14–10–114(2)(a) to (2)(f) with respect to determining the appropriate amount and duration of any maintenance. *See In re Marriage of Sinn,* 696 P.2d 333 (Colo. 1985).

Because of these omissions, we are unable to determine if, as wife asserts, the amount awarded is inadequate. Therefore, on remand, the court is directed to apply the statutory criteria to determine maintenance and to determine, pursuant to the statute, an amount and period of time commensurate with wife's reasonable needs.

### V.

The other allegations of error raised by the parties are without merit.

That portion of the judgment relative to the disposition of property is reversed, and the cause is remanded with directions that the trial court value the retirement funds as of the date of the permanent orders and to make appropriate adjustment in the judgment.

The judgment is affirmed in part, the maintenance award portion of the judg-

ment is reversed, and the cause is remanded with directions that the trial court make the requisite findings pursuant to § 14–10–114, C.R.S., and to enter a new judgment in accordance with the views expressed in this opinion.

VAN CISE and STERNBERG, JJ., concur.