In re the MARRIAGE OF: Leavelle PLUMMER, Appellee,

and

John R. Plummer, Appellant,

and concerning, Karen Plummer, a child of the marriage, Appellee.

No. 84CA0710.

Colorado Court of Appeals, Div. II.

March 28, 1985.

Rehearing Denied April 25, 1985.

Certiorari Granted Aug. 19, 1985.

**658**

Julie G. Marshall, Canon City, for appellees.

Hawthorne & Meconi, P.C., Rocco F. Meconi, Canon City, for appellant.

STERNBERG, Judge.

The marriage of the parties was dissolved in 1979 and permanent orders were entered on January 9, 1980. The parties had two daughters, Vicki, then 19 years old, and Karen, then 17 years of age. No provision was made concerning child support at the time of the final orders, but the court expressly retained jurisdiction "to resolve any issues of child custody or support." The father voluntarily contributed to the support of both of his daughters, but terminated payments for Vicki when she attained the age of 21, at which time she was in her fourth year of college. Similarly, when Karen attained the age of 21, her father stopped making voluntary contributions for her support. At that time she was commencing her third year of college. Thereafter, the mother moved for an award of child support, and the court ordered the father to pay $200 per month for support "until [Karen] receives her undergraduate degree unless sooner emancipated due to other circumstances." The father appeals, and we affirm.

In entering its order, the court found that Karen is not emancipated, that it is a necessity that she attend college to fulfill her career needs, and that she had a reasonable expectation that she would attend college and would receive the support of her parents until she obtained her undergraduate degree. The court also found that there was an atmosphere in the family making it reasonable to anticipate and expect that the children go to college and would be supported if they did go to college. The court also found that there was a reasonable need of $4,800 to attend college and that both parties were able to contribute equally to that amount.

The father does not argue that an award for college expenses as such is inappropriate; instead, he asserts that, except as to those who are physically or emotionally disabled, the duty to provide any support terminates upon the child attaining the age of 21. The father would have us hold that merely by attending college a child does not remain dependent. In our view, the law is otherwise.

In *Koltay v. Koltay*, 667 P.2d 1374 (Colo. 1983), the Colorado Supreme Court held that a court in a dissolution of marriage action has jurisdiction to order post-minority support for a disabled child. In so holding, the court rejected the argument that the child had become emancipated as a matter of law when she reached the age of 21. The court held that the attainment of 21 only creates a presumption of emancipation and remanded the case for a determination of the factual issue of whether the child "was unemancipated when she reached age twenty-one and whether she remain[ed] dependent on her parents for support."

We see no reason to limit *Koltay* to apply only to support for disabled children. The essential holding of *Koltay* is that under the Dissolution of Marriage act the duty to support does not automatically end at age 21. If, as here, the dissolution court finds that the presumption of emancipation is overcome, *i.e.*, the child is still dependent, the court is obligated to consid-

er the statutory criteria in awarding support.

Turning to these criteria, we note first that after directing that the dissolution of marriage act be liberally construed to promote its underlying purposes, § 14–10–102, C.R.S., provides that one such purpose is "to mitigate the potential harm to the spouses and their children caused by the process of legal dissolution of marriage...." Section 14–10–115(1), C.R.S., lists certain relevant factors to be considered in awarding child support. Among these are:

"(c) The standard of living the child would have enjoyed had the marriage not been dissolved;

"(d) The physical and emotional condition of the child and his educational needs...."

▆ There is abundant evidence in the record indicating that a college education is to be expected in this family: both parents have college degrees as does the elder sister. The career objective of Karen was to become a physical education teacher and coach, her father's profession, which requires a college degree. For these reasons, we hold that the trial court did not err and was correct in its refusal to limit the holding in *In re Marriage of Koltay*, 646 P.2d 405 (Colo.App.1982) to disabled children.

The judgment is affirmed.

BERMAN, J., concurs.

VAN CISE, J., dissents.

VAN CISE, Judge, dissenting.

I respectfully dissent. Under the circumstances of this case, I would deny the mother's motion for payment of college expenses and would grant the father's motion to dismiss.

The question for decision in this case is whether the adult child, Karen, became emancipated when she attained the age of twenty-one. "If she is, the father has no duty to continue child support payments under the [Uniform Dissolution of Marriage] Act." *Koltay v. Koltay*, 667 P.2d 1374 (Colo.1983).

What constitutes emancipation is a question of law. *In re Marriage of Robinson*, 629 P.2d 1069 (Colo.1981). Therefore, the trial court's determination is not binding on review. *Maltby v. J.F. Images, Inc.*, 632 P.2d 646 (Colo.App.1981).

In *Van Orman v. Van Orman*, 30 Colo. App. 177, 492 P.2d 81 (1971) (cert. denied 1972), this court held that emancipation occurs as a matter of law when a person attains the age of twenty-one. In *Koltay*, *supra*, the court stated that:

"Emancipation ordinarily occurs upon the attainment of majority.... At that age a person is presumed to possess the physical and mental capabilities to support himself, to establish his own residence, and in general to manage his own affairs. Under normal circumstances, parents have no legal obligation to support their children beyond the age of majority....

....

"[F]or purposes of the child support provisions of the ... Act, the attainment of the age of twenty-one ... creates a presumption of emancipation."

The court then determined that there was an exception to this general rule, holding that:

"If a child is physically or mentally incapable of self-support when he attains the age of majority, emancipation does not occur, and the duty of parental support continues for the duration of the child's disability."

I agree with the *Koltay* exception; however, the exception does not apply to the instant case. In *Koltay*, the child was held not to be emancipated because she was totally incapacitated. Here, we have a twenty-one year old college student who is in good health and physically and mentally capable of gainful employment to support herself. Apparently she is unable or unwilling to work full time only because she is attending college. Under these circumstances, there is no valid reason to create

another exception. I would hold that there is no legal obligation on the part of either parent to support this adult child.