In re the MARRIAGE OF John R. PLUMMER, Petitioner,

and

Leavelle Plummer, Respondent.

No. 85SC194.

Supreme Court of Colorado, En Banc.

April 6, 1987.

Rehearing Denied April 27, 1987.

McDermott, Kiehnhoff & Meconi, Rocco F. Meconi, Canon City, for petitioner.

Julie G. Marshall, Canon City, for respondent.

VOLLACK, Justice.

Petitioner, John R. Plummer, seeks review of the court of appeals' opinion which affirmed the trial court's holding that the petitioner's daughter, who had reached the age of majority and was enrolled in college, is not emancipated and therefore still entitled to receive support payments from her divorced father. *In Re Marriage of Plummer*, 703 P.2d 657 (Colo.App.1985). We reverse.

I.

The parties were divorced in 1979 and permanent orders were entered in 1980. At the time of the entry of permanent

orders, the parties' two daughters were nineteen and seventeen years of age. The final orders made no provision concerning child support. However, the father voluntarily contributed to the support of both daughters. He terminated payments for the older daughter when she reached age twenty-one; at that time she was in her fourth year of college. When the younger daughter, Karen, reached age twenty-one, the father also stopped his voluntary support contributions. Karen was in her third year of college when she became twenty-one. When the voluntary payments stopped in 1984, her mother filed a motion for an award of child support. The trial court entered an order requiring the father to pay $200 per month for support until Karen received her undergraduate degree or is otherwise emancipated due to other circumstances. The trial court held, and the court of appeals agreed, that the daughter needed to "attend college to fulfill her career needs, and that she had a reasonable expectation that she would attend college and would receive the support of her parents" while she did so. *Plummer*, 703 P.2d at 658. The father argued that, in the absence of a contrary provision in a support order entered prior to emancipation, the duty to support a child terminates when the child reaches twenty-one years of age, unless the child is physically or emotionally disabled. The father appealed from entry of the order requiring him to pay $200 per month for his twenty-one year old daughter's college expenses. The court of appeals affirmed the award, citing our decision in *Koltay v. Koltay*, 667 P.2d 1374 (Colo.1983). The court of appeals also cited provisions of the Uniform Dissolution of Marriage Act [hereinafter UDMA], which set forth the factors to be considered by a court in awarding child support. We find that the court of appeals erroneously expanded our holding in *Koltay* and therefore reverse.

## II.

■ Orders of child support payments are governed by the Uniform Dissolution of Marriage Act. §§ 14–10–101 to –133, 6 C.R.S. (1973 & 1986 Supp.) A trial court may order either or both parents to pay child support after considering a number of factors. § 14–10–115, 6 C.R.S. (1973). The general rule is that a child support award falls within the sound discretion of the trial court and will not be disturbed on appellate review, absent an abuse of discretion. *Carlson v. Carlson*, 178 Colo. 283, 288, 497 P.2d 1006, 1009 (1972).

The UDMA provides in pertinent part: "Unless otherwise agreed in writing or expressly provided in the decree, provisions for the *support of a child* are *terminated* by *emancipation* of the child...." § 14–10–122(3), 6 C.R.S. (1973) (emphasis added). "What constitutes emancipation is a question of law." *In re Marriage of Robinson*, 629 P.2d 1069, 1072 (Colo.1981). "Emancipation ordinarily occurs upon the attainment of majority," *Koltay*, 667 P.2d at 1376, which is statutorily defined in Colorado as age twenty-one. § 2–4–401(6), 1B C.R.S. (1980). We have held that at age twenty-one, a presumption arises that a person has "the physical and mental capabilities to support himself...." *Koltay*, 667 P.2d at 1376. Accordingly, "[u]nder normal circumstances, parents have no legal obligation to support their children beyond the age of majority." *Id.*

■ For purposes of the UDMA child support provisions, when a child reaches twenty-one a *presumption* of emancipation arises. The presumption is defeated when a child is physically or mentally incapable of self-support. We stated in *Koltay* that if a child is not physically or mentally capable of self-support, the child is not emancipated under the UDMA, and the duty of parental support continues for the duration of the disability. *Id.* *Koltay* affirmed the court of appeals' holding that a trial court can order the continuation of child support payments under the UDMA for a *disabled* child who has reached twenty-one.

■ The trial court and court of appeals misapplied our holding in *Koltay* to the facts at bar. The trial court here held that a twenty-one-year-old child who is capable of supporting herself, but makes a voluntary choice to attend college after reaching

the age of majority, is unemancipated under the UDMA and therefore entitled to receive child support payments. However, *Koltay* was specifically limited to "a child ... obviously incapable of supporting himself by reason of some physical or mental disability ..." and does not apply to the facts presented here. *Id.*

The court of appeals erred in applying the following two subsections of the UDMA:

> **Child support.** (1) In a proceeding for dissolution of marriage, ... the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors including:
>
> ....
>
> (c) The standard of living the child would have enjoyed had the marriage not been dissolved;
>
> (d) The physical and emotional condition of the child and his educational needs....

§ 14–10–115(1)(c), (d), 6 C.R.S. (1973). While these factors must be applied in determining child support in an order entered prior to emancipation, they are not determinative in a case such as this where the child has reached the age of majority and does not fall under the *Koltay* disability exception.[1] It was not our intent in *Koltay* to require an award of child support payments when a capable, able-bodied young adult chooses to attend college after reaching the age of majority. Other jurisdictions have followed this line of reasoning. *See Huckaba v. Huckaba*, 336 So.2d 1363 (Ala.App.1976) (trial court erred in requiring husband to pay for nineteen-year-old child's education where age of majority is nineteen, because father's obligation is only to his *minor* children); *Grapin v. Grapin*, 450 So.2d 853 (Fla.1984) (parent does not have legal duty to provide post-majority support just because an otherwise

healthy child is attending college, unless there has been a finding of legal dependence or a binding contractual agreement); *West v. West*, 131 Vt. 621, 312 A.2d 920 (1973) (trial court does not have authority to create obligation that parent must pay for child's college education beyond the child's age of majority, although the parties may otherwise agree to such a provision). *See generally*, Annotation, *Responsibility of Noncustodial Divorced Parent to Pay for, or Contribute to, Costs of Child's College Education*, 99 A.L.R.3d 322 (1980).

The respondent asks us to apply *Childers v. Childers*, 89 Wash.2d 592, 575 P.2d 201 (1978), in which the Washington Supreme Court held that under some circumstances a divorced parent may be required to support a child who is in pursuit of higher education past the age of majority. We decline to adopt this line of reasoning, and limit *Koltay* as set out above.

Accordingly, we reverse.

DUBOFSKY, J., dissents.

DUBOFSKY, Justice, dissenting:

I respectfully dissent.

The Uniform Dissolution of Marriage Act (UDMA), §§ 14–10–101 to –133, 6 C.R.S. (1973 & 1986 Supp.), provides that the court may order support payments by either or both parents based on, among other factors,

> (c) The standard of living a child would have enjoyed had the marriage not been dissolved;
>
> (d) The physical and emotional condition of the child and his *educational needs....*

§ 14–10–115(1)(c) and (d), 6 C.R.S. (1973) (emphasis added). This court held in *Koltay v. Koltay*, 667 P.2d 1374 (Colo.1983), that the general assembly has recognized the propriety of a claim for post-minority support in a dissolution of marriage action

---

1. We recognize that the parties may agree to post-emancipation support, or that a court may require such support in proper circumstances by express provisions in a decree. § 14–10–122(3), 6 C.R.S. (1973). *See* Unif. Marriage and

Divorce Act § 316 Commissioners' Note to subsection (c), 9A U.L.A. 184–85 (1979). *Cf. Koltay v. Koltay*, 667 P.2d 1374, 1376–77 (Colo.1983) (Uniform Dissolution of Marriage Act does not limit support to minor children).

and that courts in dissolution actions are empowered to order post-minority support for a child. In *Koltay* we noted that "no motion to continue child support had been filed before Karla [Koltay] reached twenty-one." *Id.* at 1376. Therefore, I would conclude that neither the UDMA nor *Koltay* prevents a court from considering the educational needs of a child who has attained the age of majority, even in the absence of a request for court-ordered support before the child reaches twenty-one.

As the majority notes, we described emancipation as a question of law in *In re Marriage of Robinson*, 629 P.2d 1069, 1072 (Colo.1981). But *Robinson* continued, "Whether emancipation has been established must be determined in light of all the relevant facts and circumstances of the case." *Id.* at 1072–1073. The district court in this case found that Karen Plummer was not emancipated because she remained dependent upon her parents for support while attending college. The court also found that Karen had a reasonable expectation that she would attend college and that her parents would support her until she obtained her undergraduate degree. In the Plummer family, according to the court's findings, there was an atmosphere in which it was anticipated and expected that the children would go to college and would be supported while they did so. The court then ordered the father to pay support of $200 per month for Karen Plummer until she either received her undergraduate degree or was emancipated due to other circumstances.

The general rule is that a child support award is within the sound discretion of the trial court and will not be disturbed on appellate review absent an abuse of discretion. *Carlson v. Carlson*, 178 Colo. 283, 288, 497 P.2d 1006, 1009 (1972). As the court of appeals determined, there is abundant evidence in the record supporting the district court's order, and I would affirm the judgment of the court of appeals and the district court.