In re the Marriage of David A.
PUSEY, Appellee,

and

Donna M. Casebier, formerly Donna M.
Pusey, Appellant.

No. 89CA1982.

Colorado Court of Appeals,
Div. III.

April 25, 1991.

Allen, Rogers, Metcalf and Vahrenwald, Thomas W. Metcalf, Fort Collins, for appellee.

Donna M. Casebier, pro se.

Opinion by Chief Judge STERNBERG.

Donna M. Casebier (mother) appeals the judgment of the trial court ordering her to repay David A. Pusey (father) the amount of child support he paid for the period after their child had attained the age of twenty-one. We reverse and remand with directions.

At the time of the dissolution of the marriage of the parties in 1973, the father was ordered to pay child support for the two children of the marriage. In 1985, he was ordered to pay an additional $300 per month for each child who was enrolled in college as a full-time student. The following year, the father moved to terminate child support for one of the children, Eric, upon his attaining 21 years of age. The trial court denied the father's motion and ordered him to continue to pay child support for Eric until he graduated from college.

The law with respect to awarding child support for educational expenses of an emancipated child has been the subject of several appellate court decisions in this state over the last few years. In *Koltay v. Koltay*, 667 P.2d 1374 (Colo.1983), affirming a decision of this court, the supreme court ruled that, in the case of a child not physically or mentally capable of self-support, a court may order payment of support after the child reaches the age of 21. Thereafter, in *In re Marriage of Plummer*, 703 P.2d 657 (Colo.App.1985), this court interpreted *Koltay* as permitting a court to order payment of such post-emancipation child support to one who remained dependent for support while attending college, even though that child was not disabled. It was after our decision in *Plummer* that the trial court in this case, in reliance on that decision, ordered the father here to continue to pay child support for Eric until he graduated from college.

Our decision in *Plummer*, however, was reversed, and in *In re Marriage of Plummer*, 735 P.2d 165 (Colo.1987), the supreme court held that we had interpreted *Koltay* too broadly. The court limited *Koltay* to situations in which the child in question lacked the physical and mental capabilities to support himself. Following the supreme court's decision in *Plummer*, in *In re Marriage of Pusey*, (Colo.App. No. 87CA0388, December 15, 1988) (not selected for official publication), this court reversed the trial court's order previously entered that the father pay support for Eric after he attained the age of 21 years.

During the pendency of that appeal, however, the father had continued to make support payments, including the payment of some $8,100 for Eric's post-minority college expenses. The father then successfully moved for entry of judgment to recover that amount. This appeal followed.

We agree with the mother that the trial court erred in entering judgment in favor of the father for the sum of child support payments paid by him after Eric reached the age of 21 years.

We deem it significant that the payments in question were for the benefit of the child of the parties, not for the mother, that they were used for that purpose, and that this action is against the mother, not the son. There is nothing in the *Plummer* decision that places the burden of payment on the mother.

Quoting from *Koltay v. Koltay, supra,* the supreme court recognized in *Plummer* that: "Under normal circumstances *parents* have no obligation to support their children beyond the age of majority." (emphasis added). The *Plummer* court also noted that neither parent is obligated to support a capable, able-bodied emancipated young adult who chooses to attend college. In our view, the effect of the trial court's order that the mother reimburse the father for the amount of support paid for their son's education places the burden for such post-majority support on her, contrary to the *Plummer* rule.

In the domestic relations field, especially when dealing with matters such as are at issue here, special considerations of an equitable nature arise. *See Dorsey v. Dorsey,* 28 Colo.App. 63, 470 P.2d 581 (1970). *See also Griffith v. Griffith,* 152 Colo. 292, 381 P.2d 455 (1963); *In re Marriage of Franklin,* 634 P.2d 1032 (Colo.App.1981). *Cf. In re Marriage of Wolford,* 789 P.2d 459 (Colo.App.1989).

The difficulties encountered here are attributable to changes in appellate decisions during the critical time in this litigation. The trial court's original order was entered when this court's opinion in *Plummer* was the law. On the basis of that ruling, the court ordered the post-majority support.

The father paid the money and the mother accepted it for the son. Only when the supreme court reversed our *Plummer* holding, did it become apparent that the judgment ordering such payment was erroneous.

Accordingly, in our view, under the factual and checkered legal background of this case, the mother should not be required to repay the monies in question.

The other contentions of error are without merit.

The judgment is reversed and the cause is remanded with directions to vacate the order of reimbursement.

TURSI and MARQUEZ, JJ., concur.