In re the **MARRIAGE OF Garfield A. SALAS, Appellee,**

and

**Jean R. Salas, and Concerning Department of Social Services for Pueblo County, Appellant.**

No. 93CA0768.

Colorado Court of Appeals, Div. A.

Jan. 27, 1994.

No appearance for appellee.

Terry A. Hart, County Atty., Kevin P. Kubie, Asst. County Attorney, Pueblo, for appellant.

Opinion by Judge NEY.

In this *ex parte* appeal, Jean R. Salas (mother), represented by the county department of social services, appeals an order of the trial court terminating the child support obligation of Garfield A. Salas (father). We reverse and remand with instructions.

The marriage of the parties was dissolved by a decree entered in January 1975. Mother was granted custody of the parties' three children, including the youngest daughter who suffers from cerebral palsy. The separation agreement incorporated in the decree provided that child support would be payable "until said children become twenty-one, self-supporting, emancipated or shall die, whichever first shall occur."

The youngest daughter became 21 on December 17, 1991, and thereafter, father filed a verified motion to terminate support. It was undisputed that the child remained disabled, continued to receive social security disability payments, was unable to support herself through employment, and required 24–hour care to be fed, dressed, and bathed.

The trial court found that, although the child was over the age of 21, she was not emancipated because her reasonable needs exceeded her income and she was dependent upon her mother for her care and support. However, the court concluded that, because the parties had entered into a separation agreement which provides that child support terminates at age 21, it lacked the authority to continue child support under § 14–10–122(3), C.R.S. (1987 Repl.Vol. 6B).

Mother contends that the trial court erred in terminating support based upon the belief that the parties' agreement deprived it of the jurisdiction to modify the agreed-upon support. We agree.

A child has a legal right to support from both parents, and both parents have a continuing duty to provide reasonable support for the child. *Abrams v. Connolly,* 781 P.2d 651 (Colo.1989). Furthermore, parents may not by contract divest a court of continuing jurisdiction over the custodial rights and duties of maintenance of children. *Irwin v. Irwin,* 150 Colo. 261, 372 P.2d 440 (1962). *See also In re Marriage of Miller,* 790 P.2d 890 (Colo.App.1990) (parties could not agree to waive application of the child support guidelines).

A trial court can order the continuation of child support under the Uniform Dis-

solution of Marriage Act for a disabled child who has reached the age of 21, and the duty of parental support continues for the duration of the disability. *In re Marriage of Plummer,* 735 P.2d 165 (Colo.1987).

██ If an order for support of a minor child exists, then a request for its continuation may be made after the child has reached the presumed age of emancipation. *Koltay v. Koltay,* 667 P.2d 1374 (Colo.1983).

██ Here, the parties' youngest child was disabled her entire life and was the subject of a stipulated support order entered during her minority. Thus, although the parties could normally agree that child support would terminate at age 21, the presumed age of emancipation, their agreement could not divest the trial court of its continuing jurisdiction to order the continuation of that support obligation for their child who remained disabled beyond the age of 21. *In re Marriage of Miller, supra.* Accordingly, the trial court erred in terminating the father's support obligation.

The order is reversed, and the cause is remanded to the trial court for reinstatement of the terminated support order.

STERNBERG, C.J., and HUME, J., concur.