2000 OK CIV APP 93

**In the Matter of the Guardianship of Veronica RICHARDSON, a partially incapacitated person.**

**No. 93,710.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 5, 2000.

arguments before submission of the case to judgment).

**24.** Rule 3.11, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2001).

Richard L. Yohn, Miami, Oklahoma, for Appellant,

Kay Lyn Beauchamp, Grove, Oklahoma, for Appellees.

## OPINION

CARL B. JONES, P.J.:

¶ 1 Appellees, Martin E. Richardson and E. Nadine Richardson (grandparents), initiated this guardianship proceeding on November 30, 1998. The grandparents sought to be appointed as Limited Guardians of their granddaughter, Veronica Richardson, a 22–year–old partially incapacitated person. The parents of Veronica are divorced and both reside in Colorado. Additionally, Veronica's conservatorship estate is in Colorado. Proper notices were issued. Appellant, Jo Ann Richardson (mother), responded to the Petition for Guardianship and moved for a stay of the proceedings because prior to the initiation of this proceeding the mother had filed a Motion to Transfer the Dissolution of Marriage to Jefferson County, Colorado, to enforce its provisions. The Jefferson County District Court accepted jurisdiction on July 17, 1998. The grandparents assert Veronica has been residing with them since 1996. The mother disputes this and argues that Veronica resided with her from December, 1997 until March, 1998 when the grandparents came to their son's home in Colorado and brought Veronica to Oklahoma without the mother's permission. Apparently, a hearing was held on February 25, 1999, and limited guardianship was granted to the grandparents with a specific decree of visitation between the mother and Veronica. No transcript of that hearing was provided in the record. The mother filed a Motion to Reconsider and a Motion to Dismiss attaching the Order from the District Court of Jefferson County finding that Colorado had continuing jurisdiction pursuant to *Koltay v. Koltay*, 667 P.2d 1374 (Colo.1983). A hearing was held

on the jurisdictional issue raised in the Motion to Dismiss and the trial court denied the Motion. The mother appeals.

■ ¶ 2 The mother argues the Uniform Child Custody Jurisdiction Act, 43 O.S.1991 § 501 *et seq.*, and the Parental Kidnaping Prevention Act, 28 U.S.C. § 1738A, apply in this matter. Although the mother is correct that these Acts apply to guardianship matters under the analysis in *Matter of Guardianship of Walling,* 1986 OK 50, 727 P.2d 586, 590, Veronica does not meet the definition of a child as both Acts define a child to be an individual under the age of eighteen. 28 U.S.C. § 1738A; 43 O.S. Supp.1998 § 551–102. Veronica is 22 years old. We find that by the express terms of the above Acts, their provisions do not apply to this guardianship proceeding.

■ ¶ 3 The dispositive issue before this Court is whether the Decree of Dissolution of Marriage from Colorado is entitled to full faith and credit in this guardianship proceeding. In making this determination, a brief discussion of Colorado law is necessary. Colorado Revised Statutes § 14–110–115 expressly provides for continued child support to children with mental or physical disabilities after attaining the age of majority. In *Koltay v. Koltay,* 667 P.2d 1374, 1377 (Colo. 1983), the Colorado Supreme Court found that when the General Assembly of Colorado enacted the Uniform Dissolution of Marriage Act it expressly amended the Act by deleting the restriction of "minor" children and simply used children. The Court noted that the Act expressly provided for the appointment of an attorney to represent the interest of a "minor or *dependent* child" with respect to *custody,* support, and visitation. The Court found, that in cases of unemancipated children, the dissolution court has continuing jurisdiction. The grandparents argue that the *Koltay* decision only awarded child support and did not determine custody. While the custody of the unemancipated child was not addressed in that decision, the Court's interpretation of Colorado's Uniform Dissolution Act in regard to continuing jurisdiction for unemancipated children included the issues of custody, support, and visitation.

¶ 4 The trial court was provided with a copy of the Decree of Dissolution of Marriage and notified by the mother that she had filed her Motion to Transfer the Decree of Dissolution of Marriage prior to the filing of this guardianship. Without an understanding of the special provisions made in Colorado law for unemancipated children, it would appear that a divorce decree would not be applicable in a guardianship proceeding. However, the District Court of Jefferson County which had assumed jurisdiction prior to the guardianship proceeding, found it had continuing jurisdiction and expressly placed the father on notice that if he interfered in preventing the ward's return to Colorado, a motion for contempt would be entertained. The grandparents argue that this order was issued after the award of guardianship, and the Colorado court should have given full faith and credit to the guardianship decree. There is evidence in the record that the mother began her proceeding by transferring the Decree of Dissolution of Marriage prior to the filing of the Petition for Limited Guardianship. Further, the Oklahoma Guardianship and Conservatorship Act expressly provides that its provisions will not be construed to limit the parental rights of parents as the natural guardians of their children. 30 O.S.1991 §§ 1–112. Not only is the mother the natural guardian of her unemancipated child, she has judicially been decreed to be the custodian of her unemancipated child.

■ ¶ 5 The prevailing rule is that a judgment of a court of a sister state awarding the custody of a child will be sustained by the courts of this state, unless it is shown that the conditions affecting the welfare of the child have changed since the judgment of the court of a sister state, and the child is lawfully domiciled within this state. *Wilkerson v. Davila,* 1960 OK 63, 351 P.2d 311, 316. In the limited record before us, the change in condition is that the grandparents brought the ward to Oklahoma without her mother's permission and refused any visitation by the mother. No one has asserted through the limited record or briefs that allowing the ward to remain with her mother as decreed is not in the best interest or welfare of the ward. We find the Decree of Dissolution of

Marriage was entitled to full faith and credit. The trial court erred in granting limited guardianship to the grandparents. Accordingly, this matter is reversed and remanded with directions to revoke the letters of limited guardianship.

¶ 6 REVERSED AND REMANDED.

¶ 7 GARRETT, J., and BUETTNER, J., concur.