In re the MARRIAGE OF Leigh
A. HADDAD, Appellee,

and

**Joseph M. Haddad, Appellant,**

and

**Concerning El Paso County Child Support Enforcement Unit, Intervenor–Appellee.**

No. 03CA0072.

Colorado Court of Appeals,
Div. V.

May 6, 2004.

No Appearance for Appellee.

Sidney L. Patin, P.C., Sidney L. Patin, Colorado Springs, Colorado, for Appellant.

Belveal & Eigel, L.L.C., Christina K. Eigel, Colorado Springs, Colorado, for Intervenor–Appellee.

Opinion by Judge RUSSEL.

In this proceeding under the Uniform Interstate Family Support Act, § 14–5–101, et seq., C.R.S.2003 (UIFSA), Joseph M. Haddad (father) appeals from the district court's order finding that it lacked jurisdiction over Leigh A. Haddad (mother) to enter a judgment against her for overpaid child support and refusing to offset father's overpayment against his current child support obligation. We affirm in part, vacate in part, and remand with directions.

Prior to the dissolution of marriage, father was a resident of Colorado, and mother and the parties' four children were residents of Connecticut. In 1996, the State of Connecticut, on behalf of mother, forwarded a uniform support petition to the Teller County Child Support Enforcement Unit (CSEU), requesting entry of an order of child support. Based on that petition, the Teller County District Court ordered father to pay $315.17 per month in child support.

The El Paso County District Court entered a decree of dissolution of marriage in 1998, incorporating the child support order entered in the UIFSA proceeding. In 2000, venue of the UIFSA proceeding was transferred from Teller County to El Paso County. All subsequent child support orders were entered in the El Paso County UIFSA proceeding.

In 2002, father requested modification of the child support order. He noted that one of the children had lived with him since 1999, and he asked the magistrate to (1) modify the amount of child support and (2) apply the new amount retroactively to 1999. The magistrate modified the amount but declined to make the modification retroactive. The district court subsequently reversed part of the magistrate's ruling and made the child support modification retroactive to July 1999.

Because the retroactive application of the modified child support resulted in an overpayment, father requested that the district court enter a judgment against mother for the overpaid child support and relieve him of his present child support payments until he received reimbursement for the overpayment. The district court found there was an overpayment of $12,709.81. But the court held that it lacked jurisdiction to enter a judgment against mother for the overpay-

ment. The court further declined to offset the overpayment against father's current child support obligation.

## I. Jurisdiction

■ Father first contends that the district court erred in finding that it lacked jurisdiction to enter a judgment against mother for the overpaid child support. We agree.

Whether the court has jurisdiction in a UIFSA action to enter an order remedying an overpayment of child support is a question of both subject matter jurisdiction and personal jurisdiction.

### A.

■ Subject matter jurisdiction concerns the authority of the court to decide a particular matter. The issue of subject matter jurisdiction may be raised at any time, and the right to do so cannot be waived. *In re Marriage of Tonnessen*, 937 P.2d 863 (Colo. App.1996).

In addressing the issue of subject matter jurisdiction in this case, it is important to note what is not at stake. There is no doubt that the court here had jurisdiction over the child support orders generally, for Colorado is both the "issuing state" and "responding state" under § 14–5–102, C.R.S.2003. Thus, unlike in *In re Marriage of Zinke*, 967 P.2d 210, 211 (Colo.App.1998), the court had continuing and exclusive jurisdiction to modify the child support orders. Similarly, there is no doubt that the court's determination here was limited to issues of child support. Unlike in *People in Interest of R.L.H.*, 942 P.2d 1386, 1389 (Colo.App.1997), the court was not asked to rule on any extraneous matter, such as parenting time.

We begin with an examination of § 14–5–305(b), C.R.S.2003, which sets forth the powers of the responding tribunal in a UIFSA proceeding. We first note that, under § 14–5–305(b)(1), C.R.S.2003, the tribunal has the power to issue or enforce a "support order." The term "support order" is defined as "a judgment, decree, or order, whether temporary, final, or subject to modification ... which provides for monetary support, health care, arrearages, *or reimbursement.*" Sec-

tion 14–5–101(21), C.R.S.2003 (emphasis added; version effective until July 1, 2004). We conclude that an order requiring one party to repay or reimburse the other party for overpaid child support qualifies as a "reimbursement," within the meaning of § 14–5–101(21). Consequently, the court had authority to issue and enforce its order under § 14–5–305(b)(1).

Additionally, we note that, under § 14–5–305(b)(12), C.R.S.2003, the tribunal has the authority to grant "any other available remedy." Because courts are empowered under § 14–5–305(b) to handle a wide range of issues concerning child support—including the power to "issue or enforce" and "modify" support orders—we conclude that the power to address overpayments is an "available remedy" within the meaning of § 14–5–305(b)(12).

We therefore conclude that the district court had subject matter jurisdiction to issue an order regarding overpayments of child support. This jurisdiction corresponds to the authority that a court has in a non-UIFSA proceeding to order that overpayments of child support be credited or reimbursed where appropriate. *See, e.g., In re Marriage of George*, 650 P.2d 1353 (Colo.App.1982)(affirming trial court's order that wife pay husband $1000 as reimbursement for overpayment of child support).

### B.

In addition to subject matter jurisdiction, the court must have personal jurisdiction over a nonresident in a proceeding brought under UIFSA. As pertinent here, § 14–5–201, C.R.S.2003, sets forth the bases on which a tribunal of this state may acquire jurisdiction over a nonresident. Among other things, a tribunal acquires personal jurisdiction if "[t]he individual submits to the jurisdiction of this state by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction." Section 14–5–201(a)(2), C.R.S.2003.

Here, mother initiated a UIFSA proceeding by filing a petition in Colorado. Although the matter was lodged by the Teller

County CSEU, the action was brought under mother's name, and mother signed as petitioner. Under the circumstances, we conclude that mother entered an appearance and consented to the personal jurisdiction of the court. *See In re Marriage of Jeffers,* 992 P.2d 686, 689 (Colo.App.1999)(a party enters a general appearance and consents to the personal jurisdiction of a court by seeking relief in a form that acknowledges the personal jurisdiction of the court).

But this does not end our inquiry. The El Paso County CSEU argues that, although mother submitted to the court's jurisdiction to enforce the child support order, she did not submit for any other purpose, such as being subject to an order regarding overpayment. The El Paso County CSEU relies on § 14–5–314(a), C.R.S.2003 (version effective until July 1, 2004), which immunizes a UIFSA petitioner from suit in "another proceeding":

> Participation by a petitioner in a proceeding before a responding tribunal, whether in person, by private attorney, or through services provided by the support enforcement agency, does not confer personal jurisdiction over the petitioner in another proceeding.

We reject this argument. Section § 14–5–314(a) is designed to shield parties in child support actions from the burdens of litigation over collateral matters such as parental responsibilities and parenting time. Thus, a petition for affirmative relief under UIFSA limits the jurisdiction of the tribunal to the boundaries of the support proceeding. Uniform Interstate Family Support Act § 314 cmt., 9 U.L.A. 325–26 (1999). But a claim of overpayment of child support is within the boundaries of a support proceeding, especially when, as here, the court has continuing and exclusive jurisdiction over the support order. *See* § 14–5–205(a)(1), C.R.S.2003 (version effective until July 1, 2004).

Accordingly, we conclude that the district court had both the subject matter and personal jurisdiction to enter judgment with respect to the overpayment. We therefore vacate that portion of the district court's order and remand with directions to consider what remedy, if any, is available for father's overpayment.

## II. Appropriate Remedy

Special considerations of an equitable nature arise in the domestic relations field. *In re Marriage of Pusey,* 811 P.2d 457 (Colo. App.1991). District courts necessarily are vested with discretion to achieve fair results under a wide variety of circumstances, attending always to the interests of the children. *See, e.g., People v. Martinez,* 70 P.3d 474, 478 (Colo.2003)(child support order should serve statutory purposes and the bests interests of the child); *In re Marriage of Bertsch,* —— P.3d ——, 2004 WL 63459 (Colo.App. No. 02CA0888, Jan. 15, 2004)(in allocating parental responsibilities, trial courts give paramount consideration to the needs of the children; court's decision is reviewed for abuse of discretion).

■ In light of the above considerations, we reject father's argument that the district court was required to offset father's current child support obligation by the amount of overpayment. Although a court may employ this remedy, it should do so only when the interests of the children will not be harmed. *In re Marriage of Wisdom,* 833 P.2d 884 (Colo.App.1992); *In re Marriage of DiFatta,* 306 Ill.App.3d 656, 239 Ill.Dec. 795, 714 N.E.2d 1092 (1999)(while the court may, on remand, reduce respondent's child support obligation based on his overpayment of child support, the court must ensure that the reduction does not work a deprivation on the child).

Here, the court found that an offset was inappropriate because it would deprive the children of their current support. We conclude that the court did not abuse its discretion in making this determination. Accordingly, this part of the district court's order is affirmed.

On remand, the district court must order a remedy that will yield a fair and equitable result and will protect the interests of the children. The court has discretion to select from a range of remedies. Upon appropriate findings, these remedies include delaying, reducing, or eliminating mother's obligation to

repay. *See, e.g., In re Marriage of Pusey, supra* (mother not required to reimburse father for the overpayment of child support); *In re Marriage of George, supra* (wife ordered to reimburse husband for overpayment of support and maintenance); *see also In re Marriage of Rivera,* 91 P.3d 464, 2004 WL 583701 (Colo.App. No. 03CA0235, Mar. 25, 2004)(court had equitable authority to reduce the amount of arrearage that mother was required to pay); *In re Marriage of Dennin,* 811 P.2d 449 (Colo.App.1991)(mother equitably estopped from asserting her right to collection of part of child support arrearages).

The order is vacated to the extent it determined the court lacked jurisdiction to enter a judgment against mother for the overpayment, and the case is remanded for further action consistent with this opinion. In all other respects, the order is affirmed.

Judge VOGT and Judge DAILEY concur.