STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Marsh Zoning Permit | } | Docket No. 135-7-08 Vtec |
| (Appeal of Efthim) | } | |
|  | } | |

Decision and Order on Motion for Reconsideration

Appellants William and Roberta Efthim, James and Dorothy Field, Burton and Margaret McGillivray, William and Lisa Pezzoni, and Louis and Rosemarie Scibetta appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Hartford, denying their appeal of the Zoning Administrator's issuance of a zoning permit to Appellee-Applicant Blanche Marsh. Appellants are represented by Steven R. Saunders, Esq.; Appellee-Applicant (Applicant) is represented by Elizabeth K. Rattigan, Esq.; and the Town is represented by William F. Ellis, Esq.

On November 10, 2009, the Court issued a Decision and Order on Cross-Motions for Summary Judgment, which granted summary judgment in favor of Applicant, concluding the appeal. In re: Marsh Zoning Permit, No. 135-7-08 Vtec (Vt. Envtl. Ct. Nov. 10, 2009) (Wright, J.). Appellants have moved for reconsideration of the November 10, 2009 decision under V.R.C.P. 59(e).

Although there is no specific provision in the Vermont Rules of Civil Procedure for a motion to "reconsider" a decision, such motions are treated as motions to amend or alter a decision under Vermont Rule of Civil Procedure 59(e). Appeal of Berezniak, No. 171-9-03 Vtec, slip op. at 3 (Vt. Envtl. Ct. Apr. 6, 2007) (Wright, J.). V.R.C.P. 59(e), which is substantially identical to Federal Rule 59(e), "gives the court broad power to alter or amend a judgment on motion within ten days after entry thereof." Drumheller

1

v. Drumheller, 2009 VT 23, ¶ 28 (citing V.R.C.P. 59, Reporter's Notes). Rule 59(e) is a codification of the trial court's "inherent power to open and correct, modify, or vacate its judgments." Id. (citing West v. West, 131 Vt. 621, 623 (1973)).

A Rule 59(e) motion "allows the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enterprises, Inc., 164 Vt. 582, 588 (1996) (citing In re Kostenblatt, 161 Vt. 292, 302 (1994)). More specifically, the narrow function of a motion to reconsider or alter a judgment gives the court an opportunity "to respond to an intervening change in controlling law, the availability of new evidence not previously available, or the need to correct a clear error of law or to prevent manifest injustice." Appeal of Van Nostrand, Nos. 209-11-04 Vtec & 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.) (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure Civil 2d: § 2810.1 (2d ed. 1995)).

Conversely, Rule 59(e) should not be used to "relitigate old matters" or "raise arguments or present evidence that could have been raised prior to entry of the judgment." Id. Disagreement between the moving parties, or disagreement with the court's decision, is not grounds for reconsideration. In re Boutin PRD Amendment, No. 93-4-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 18, 2007) (Wright, J.). Such a motion should be denied if it serves "no useful purpose." Appeal of Van Nostrand, Nos. 209-11-04 Vtec & 101-5-05 Vtec, slip op. at 4. A motion to reconsider is considered "an 'extraordinary' remedy that should be used 'sparingly'." In re Appeal of Berezniak, No. 171-9-03 Vtec, slip op. at 3–4 (Vt. Envtl. Ct. Apr. 6, 2007) (citing 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1); its disposition "is committed to the court's sound discretion." Rubin, 164 Vt. at 588 (citing Kostenblatt, 161 Vt. at 302). In practice, "because of the narrow purposes for which they are intended, Rule

2

59(e) motions typically are denied." Appeal of Van Nostrand, Nos. 209-11-04 Vtec & 101-5-05 Vtec, slip op. at 4.

In their motion, Appellants ask the Court to reconsider its conclusions that Applicant was permitted to develop each of the lots within her Farmstead parcel with a single-family dwelling, and that the zoning permit authorizing one of those lots to have a detached accessory garage structure with a guest dwelling unit on its upper floor had become final and could not be challenged. Additionally, Appellants ask the Court to reconsider its conclusion that the Declaration of Covenants could not be read into the Master Plan. The Court has fully reconsidered its reasoning, and declines to amend or alter the November 10, 2009 Decision and Order.

In upholding the Zoning Administrator's issuance of Applicant's permit, the Court determined that, under the Master Plan, "two separate single-family dwellings may be constructed on a Farmstead parcel, one on each lot contained in the parcel," and therefore concluded that Applicant was permitted to construct a single-family dwelling on undeveloped Lot B. In re: Marsh, No. 135-7-08 Vtec, slip op. at 6–7. Appellants themselves acknowledge that "a Farmstead contains two lots, and two separate single family dwellings may be constructed on a Farmstead parcel." Appellants' Motion, at 6.

The Court also determined that the detached accessory garage structure on Lot A, with a guest dwelling unit on its upper floor, had obtained a final permit that could not be challenged in the present proceeding, either directly or indirectly. In re: Marsh, No. 135-7-08 Vtec, slip op. at 7 (citing 24 V.S.A. § 4472(d)). That is, even if the guest dwelling unit should not have been approved on Lot A, that fact "would have no effect on whether Applicant's proposal for Lot B should be approved." Id. at 9. Regardless of whether Farmstead lots are permitted to have a guest house, the Court held that the proposed single-family dwelling on Lot B qualified for approval.

3

The Court also determined that "the Master Plan's provision allowing guest houses on [single-family] lots of two acres or more, regardless of whether the lots were originally part of a Farmstead parcel, governs with regard to the present zoning application." In re: Marsh, No. 135-7-08 Vtec, slip op. at 7. The Court determined that the existing accessory dwelling unit on Applicant's Lot A, even if characterized as a "guest house," was not prohibited by the terms of the Master Plan and the Zoning Regulations, even if there were conflicting restrictions in the Declaration of Covenants.

Although the Court did consider the Declaration of Covenants to be "one of the 'relevant or associated documents that may serve as references' in interpreting" the Master Plan, id. at 4, n.5 (citing Master Plan Article VIII), because the Declaration of Covenants has not been incorporated as an amendment to the Master Plan, only the Master Plan and the Zoning Regulations have regulatory effect in proceedings before this Court. Id. at 7. In any event, in the event of conflict, the provisions of the Master Plan govern. Id. at 7.

Enforcement of any of the provisions of the Declaration of Covenants that Appellants assert are in conflict with the Master Plan remains beyond the jurisdiction of this Court. See, e..g., Appeal of Van Nostrand, Nos. 209-11-04 Vtec & 101-5-05 Vtec, slip op. at 9 (Vt. Envtl. Ct. Jan. 13, 2006) (Durkin, J.) (The "Court is not vested with the jurisdiction to determine the parties' respective private property rights to land."); Appeal of Keough, No. 244-11-02 Vtec, slip op. at 2–3 (Vt. Envtl. Ct. Mar. 11, 2003) (Wright, J.) ("The ZBA does not have jurisdiction of private property rights. . . , and therefore neither does this Court."). If Appellants seek to enforce any provisions of the Declaration of Covenants, they remain free to raise the issue in superior court. See Appeal of Van Nostrand, Nos. 209-11-04 Vtec & 101-5-05 Vtec, slip op. at 9 (stating that any claims seeking enforcement of private property rights "must be presented to the appropriate Superior Court for adjudication").

4

Appellants have not pointed to a "mistake or inadvertence of the court," <u>Rubin</u>, 164 Vt. 582, 588, or "a clear error of law" in the decision, <u>Appeal of Van Nostrand</u>, Nos. 209-11-04 & 101-5-05 Vtec, slip op. at 4.  Rather, their motion only attempts to "relitigate old matters."

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion for Reconsideration is DENIED.


Done at Berlin, Vermont, this 16th day of December, 2009.


_____
Merideth Wright
Environmental Judge