## Stanley V. West v. Edith M. West

[312 A.2d 920]

No. 206-72

Present: Barney, Smith, Keyser and Daley, JJ., and Larrow, Supr. J.

Opinion Filed December 4, 1973

*Robert J. O'Donnell, Esq.,* Woodstock, for Plaintiff.

*Black & Plante,* White River Junction, for Defendant.

**Keyser, J.** The plaintiff brought a petition for an absolute divorce, and defendant filed a cross-complaint for divorce from bed and board. During the hearing the court granted defendant the right to amend her complaint to an absolute divorce. Plaintiff's complaint was then dismissed at his request. Upon hearing, the court granted a divorce to the cross-plaintiff (hereinafter called plaintiff) and gave her custody of the five minor children of the parties. The court ordered support and health benefits for the children to be in effect until they attained the age of 21 years and also ordered the payment of expenses of a college education for each child.

The husband, cross-defendant (hereinafter called defendant), filed a timely motion under V.R.C.P. 59(e) to amend the judgment order relative to support payment requirements. The defendant contended that the court was incorrect as a matter of law in its ruling in that the court only had jurisdiction over the children while they were minors. He therefore urged that the court had no authority to order him to pay any support after the children reached eighteen years of age. In

response to the motion, the court, after hearing, amended the order to require support payments and health benefits only until the children reached the age of majority. The previous order as to college expenses was unchanged; nor did the court change its order regarding the defendant's obligation to pay the plaintiff $25.00 per week for her own support until the last child reached the age of 21 years.

The plaintiff appealed from the amended judgment. The issues thus raised are (1) whether the court erroneously allowed the defendant to proceed under V.R.C.P. 59(e) and modify the judgment order without a showing of changed circumstances and (2) whether the court incorrectly ruled that it had no authority to make an order for the support of the children beyond the statutory age of majority (18 years). The defendant raised a third issue—whether the court had jurisdiction to order the payment of college expenses for the adult children.

The plaintiff's position is that the defendant's motion to amend judgment order pursuant to V.R.C.P. 59(e) was improperly sought and improperly granted. Her contention is that the motion was, in essence, a motion to modify a support order and, as such, was subject to different statutory procedures. Specifically, she claims that the motion should have been sought under 15 V.S.A. § 292 and could not have been allowed except on a showing of substantial change in material circumstances. *Miller* v. *Miller,* 124 Vt. 76, 197 A.2d 488 (1963). No such showing was made here.

As a general rule, courts of record have inherent, discretionary power to open and correct, modify, or vacate their judgments. *Haven* v. *Ward Estate,* 118 Vt. 499, 114 A.2d 413 (1955); *In re Estate of Moody,* 115 Vt. 1, 49 A.2d 562 (1946). It is a power frequently exercised by the courts. V.R.C.P. 59(e) expressly authorizing a motion to alter or amend, is simply a codification of this power. See Advisory Committee Report of Proposed Amendment to Rule 59(e), 5 F.R.D. 433, 476 (1946); Reporter's Notes, V.R.C.P. 59(e).

V.R.C.P. 80(a) specifically states that the Rules of Civil Procedure shall apply to actions for divorce, except as otherwise provided in Rule 80. We can find no indication that

Rule 80(j), dealing with motions after judgment, was meant to supersede the provisions of Rule 59(e). Neither do we find that a motion under 15 V.S.A. § 292 would be the correct procedure in this case. The Rule 59(e) motion here was brought within the proper limitations of time and propriety. The court's action was not improper.

 The issue concerning the court's power to order support is controlled by our decision in *Beaudry* v. *Beaudry*, 132 Vt. —, 312 A.2d 922 (1973), decided this Term of Court. As there stated, judicial authority to make or revise orders concerning children of divorced parties is limited to the period of minority of those children. Therefore, the court's action here in limiting the defendant's obligations as to support, medical insurance and life insurance to the period of the children's minority was correct. The order concerning the support of the plaintiff was in the nature of alimony for a term of years, not child support, and was not subject to limitation to the period of children's minority.

██ The court's order as to the college education of the children was not limited to their minority. The parties in a divorce action may agree to the provision of support beyond the age of minority, including the provision of a college education, 15 V.S.A. § 552, and if their agreement finds acceptance with the court hearing the matter, it will be given the status of a contract. *Braine* v. *Braine*, 127 Vt. 211, 213, 243 A.2d 797 (1968). And although a court would have no authority to create such an obligation, when it incorporates into its decree an agreement therefor, the decree is valid and enforceable. See 24 Am.Jur.2d *Divorce and Separation* § 907. This is the law of most jurisdictions. See *Robrock* v. *Robrock*, 167 Ohio St. 479, 150 N.E.2d 421 (1958); *Randolph* v. *Howard*, 16 Ariz. App. 118, 491 P.2d 841 (1971); *Commonwealth* v. *Howell*, 198 Pa. Super. 396, 181 A.2d 903 (1962); Annot., 162 A.L.R. 1084 (1946); Annot., 56 A.L.R.2d 1207 (1957). We can find no evidence here of an agreement between the parties as to the college education of their children. Absent such an agreement, the order providing for that education beyond the period of the children's minority cannot stand.

*Judgment affirmed except as to that part of the Order providing for that education beyond the period of the children's minority, and as to that part, judgment is reversed and the cause is returned to the Windsor County Court for a new judgment order, in accordance with the views expressed in this opinion.*