STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Valois Airplane Storage Application | } | Docket No. 254-11-07 Vtec |
|  | } |  |
|  | } |  |

Decision and Order on Motion for Reconsideration

Appellant-Applicant Paul Valois (Appellant) appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Addison denying his most recent zoning application regarding the use of a 1100-foot-long mowed grass landing strip in connection with the storage of his airplane on his property. A decision issued in two related appeals, In re Appeal of Valois, Nos. 7-1-06 Vtec & 226-12-04 Vtec (Vt. Envtl. Ct. May 3, 2007) (Wright, J.), determined that the proposed use did not qualify as an accessory use to the residential use of the property, and that it did not fall within the permitted use category of "recreation." Previous decisions in the above-captioned appeal, issued on September 23, 2008, and December 11, 2008, resolved all but Question 5 of the Statement of Questions, relating to selective treatment. A decision issued on July 14, 2009, resolved Question 5 and concluded the appeal.

The Estate of Paul Valois has been substituted as Appellant and is represented by Marsha Smith Meekins, Esq. The Town is represented by Donald R. Powers, Esq. Interested Persons John M. Baker, Janice and Pierre Barre, Eric J. and Lisa A. Campbell, Jane and Phillip Grace, Deborah G. and Leon J. Laframboise, and Dale M. and Diane L. Rose have entered their appearances representing themselves.

Appellant has moved for reconsideration of the Court's July 14, 2009 decision in the above-captioned appeal, which granted summary judgment in favor of the Town on the issue of whether Appellant was impermissibly, selectively treated by the Town in comparison with the Town's treatment of other landowners. The hearing and briefing

1

schedule relating to the motion for reconsideration was postponed to allow Appellant to conduct additional discovery on zoning decisions made by the Town on other airstrip applications.

Motions for Reconsideration

Vermont Rule of Civil Procedure 59(e), which is substantially identical to Federal Rule 59(e), "gives the court broad power to alter or amend a judgment on motion within ten days after entry thereof." Drumheller v. Drumheller, 2009 VT 23, ¶ 28 (citing V.R.C.P. 59, Reporter's Notes). Rule 59(e) is a codification of the trial court's "inherent power to open and correct, modify, or vacate its judgments." Id. (citing West v. West, 131 Vt. 621, 623 (1973)). Although there is no specific authorization in the civil rules or the environmental court rules for a motion to "reconsider" a decision, such motions are treated as motions to amend or alter a decision under Rule 59(e). Appeal of Berezniak, No. 171-9-03 Vtec, slip op. at 3 (Vt. Envtl. Ct. Apr. 6, 2007) (Wright, J.).

A Rule 59(e) motion "allows the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enterprises, Inc., 164 Vt. 582, 588 (1996) (citing In re Kostenblatt, 161 Vt. 292, 302 (1994)). More specifically, the limited functions of a Rule 59(e) motion are "to correct manifest errors of law or fact on which the decision was based, to allow the moving party to present newly discovered or previously unavailable evidence, to prevent manifest injustice, or to respond to an intervening change in the controlling law." In re Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. July 10, 2008) (Wright, J.) (quoting 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil § 2810.0 (2d ed. 1995)); see also Appeal of Van Nostrand, Nos. 209-11-04 & 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.).

Conversely, Rule 59(e) should not be used to "relitigate old matters" or "raise arguments or present evidence that could have been raised prior to entry of the judgment." Appeal of Van Nostrand, Nos. 209-11-04 Vtec & 101-5-05 Vtec, slip op. at 4. Disagreement between the moving parties, or disagreement with the court's decision, is not grounds for reconsideration. In re Boutin PRD Amendment, No. 93-4-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 18, 2007) (Wright, J.). A motion to reconsider is considered "an 'extraordinary' remedy that should be used 'sparingly'," In re Appeal of Berezniak, No. 171-9-03 Vtec, slip op. at 3–4 (citing 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil § 2810.1); its disposition "is committed to the court's sound discretion." Rubin, 164 Vt. at 588 (citing Kostenblatt, 161 Vt. at 302).

The procedural history of the Valois and Spencer airstrip applications has been fully laid out in the Court's prior decisions in the above-captioned case, and in Docket Nos. 226-12-04 Vtec and 7-1-06 Vtec. The only application that was before the Court in the present appeal was whether and under what circumstances Appellant could use the grass airstrip on his residential property to bring his aircraft to the property for annual storage in a large storage building on the property.

Appellant now contends that the Zoning Administrator's 2007 approval of a short grass airstrip on the Catlin property, apparently as a recreational use for a so-called ultra-light plane, together with the approval of the older Spencer applications for an airstrip in the same district, show that the Town's differential treatment of Appellant's airstrip was done with the malicious or bad faith intent to injure him, a showing that is necessary to meet the second prong of the Letourneau test for impermissible differential treatment in the enforcement or permitting context.

Appellant misunderstands the Court's application of the two prongs of the Letourneau test. To make out the claim of selective treatment Appellant must show both that he has been selectively treated, compared with others who are "similarly

3

situated," and that the selective treatment was "based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." In re Letourneau, 168 Vt. 539, 543 (1998) (citing Crowley v. Courville, 76 F.3d 47, 52–53 (2d Cir. 1996)). Although the motion for reconsideration now comes forward with an argument that the selective treatment was based on impermissible considerations, which speaks to the second prong of the Letourneau test, Appellant still has not satisfied the first prong; that is, Appellant has not shown that the Valois airstrip is "similarly situated" either to the Catlin airstrip, approved in 2007, or to the Spencer airstrip, originally approved in 1992. Because of the factual differences between the Valois proposal and the other airstrips that have been approved by the Zoning Administrator, Appellant's proposal cannot be considered "similarly situated" to either the Spencer or the Catlin airstrip.

The Catlin airstrip was proposed for the use of an ultra-light aircraft that can land in a short distance, as contrasted with the Valois aircraft, which is a single-engine, fixed-wing airplane requiring a longer distance in which to land. The Catlin airstrip did not require VTrans approval. The Catlin airstrip is only 400 feet in length and is located on a portion of the approximately 100-acre Catlin property formerly used for growing crops. The Spencer airstrip, as fully discussed in the July 14, 2009 decision in this appeal, "is 2000 feet long and 50 feet wide, and is located on a 43-acre non-residential property, well away from Route 22A." The Spencer airstrip has also received VTrans approval as to its safety.

By contrast, the Valois airstrip is located on a residential parcel of property adjacent to Route 22A. The Valois airstrip also has not received VTrans approval. It measures 1100 feet in length, with a belt of tall trees at its southerly end on a neighboring property, so that the airstrip could only be used, if at all, in a one-way direction. Because the approach path to the Valois airstrip passes over several neighboring residential properties, and because of the belt of trees at the southerly end

4

of the airstrip, the Valois airstrip is not "similarly situated" to the Catlin or the Spencer airstrip.

Moreover, as discussed in the July 14, 2009 decision, zoning decisions that have not been appealed become final, whether or not they were made in error. 24 V.S.A. § 4472(d). If a decision to grant a permit is made in error by a zoning administrator, but is not appealed, a project operated under such a permit may therefore constitute a nonconforming use. See 24 V.S.A. 4303(15) (defining "nonconforming use" as a "use of land that does not conform to all applicable laws, ordinances, and the present bylaws . . . including a use improperly authorized as a result of error by the administrative officer").[1] In subsequent cases, differential treatment by a current zoning administrator in such a circumstance may simply reflect the discrepancy between a currently correct interpretation of the zoning ordinance and a past decision made in error but not appealed. See, e.g., In re Curry Variance Application, No. 222-10-07 Vtec, slip op. at 10 (Vt. Envtl. Ct. Feb. 5, 2009) (Wright, J.) (declining to find selective treatment where the Court cannot determine whether the zoning ordinance was properly applied in past instances); In re Edgar Northshore Drive Variance Application, No. 292-12-07 Vtec, slip op. at 9 (Vt. Envtl. Ct. Feb. 5, 2009) (Wright, J.) (same). Neither the Zoning Administrator's 1992 decision in the Spencer case nor the Zoning Administrator's 2007 decision in the Catlin case was appealed to the ZBA. If they were

---

[1] That is, a zoning administrator's error is not to be perpetuated; rather, such an error becomes a nonconformity allowed to continue but not to be expanded except under the provisions of the zoning ordinance governing nonconformities. See 24 V.S.A. § 4411(b)(2) (referencing a municipality's authority to "regulate the expansion, reduction, or elimination of certain nonconforming uses, structures, and lots"); see also, e.g., In re Smith, 2006 VT 33, ¶ 10, 179 Vt. 636 ("Because the ultimate goal of zoning is to gradually eliminate nonconforming uses, any extension of [a nonconforming] use is carefully limited." (citing In re Gregoire, 170 Vt. 556, 559 (1999) (mem.)); In re Kirschner Home Const. Application, No. 226-10-07 Vtec, slip op. at 15 (Vt. Envtl. Ct. Sept. 25, 2008) (Wright, J.) ("One purpose of zoning is to phase out nonconformities." (citing Smith, 2006 VT 33, ¶ 10)).

made in error, they became final and cannot be used to show impermissible differential treatment in the case on appeal.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's Motion for Reconsideration is DENIED, again concluding this appeal.

Done at Berlin, Vermont, this 12th day of January, 2010.

_____
Merideth Wright
Environmental Judge