STATE OF VERMONT

ENVIRONMENTAL COURT

| | | |
|---|---|---|
| | } | |
| In re: Benning Accessory Use Permit | } | Docket No. 184-9-09 Vtec |
| (Appeal of Senesac) | } | |
| | } | |

Decision and Order on Motion for Partial Summary Judgment

Appellants David and Denise Senesac appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Ferrisburgh regarding a zoning permit issued by the Zoning Administrative Officer to Appellee-Applicant Dan Benning (Applicant). Appellants are represented by Andrew H. Montroll, Esq.; Appellee-Applicant has appeared and represents himself. The Town has not entered an appearance in this matter.

On March 25, 2010, the Court issued a Decision and Order regarding Appellants' motion for partial summary judgment in this appeal. In re: Benning Accessory Use Permit, No. 184-9-09 Vtec (Vt. Envtl. Ct. Mar. 25, 2010) (Wright, J.). In that decision, the Court concluded that Appellants' notice of appeal to the ZBA was not filed within the statutory appeal period and was therefore untimely, which ordinarily would eliminate this Court's jurisdiction and require dismissal of the case. Id. at 12. However, the Court declined to dismiss the appeal at that time because facts were in dispute as to whether Applicant had properly posted notice of the permit on his property during the appeal period, as required by 24 V.S.A. § 4449(b). The decision left open the question of whether failure to post at the property could potentially justify the filing of a late appeal. Id. at 12–15.

Because the parties had not fully addressed the posting and timeliness issues in connection with Appellants' motion for partial summary judgment, the Court gave the parties an opportunity to submit additional motions and memoranda regarding those

1

issues. Appellants have now renewed their motion for summary judgment regarding the timeliness of their appeal. Specifically, Appellants seek summary judgment on Question 8 of the Statement of Questions, which asks whether "Applicant properly post[ed] the 'Notice of Permit' during the 15 day period for appeal of the granting of the 'Accessory Use "A"' permit." As the Court stated in its March 25, 2010 decision, if "Applicant properly posted the notice of the zoning permit . . . then the fact that Appellants filed an untimely appeal to the ZBA eliminates this Court's jurisdiction and requires dismissal of this appeal." Id. at 15.

In their renewed motion, Appellants also ask the Court to clarify two other issues addressed in the March 25, 2010 decision: "whether the revocation of the zoning permit by the Administrative Officer is enforceable and whether the granting of the permit necessarily created a nonconforming use." Appellants' Motion for Summary Judgment & Request for Clarification, at 1 (Apr. 6, 2010) [hereinafter Motion for Summary Judgment]. Because Appellants' "request for clarification" is essentially a request for the Court to reconsider and amend its March 25, 2010 decision, the Court will treat their request as a Motion to Alter or Amend the Judgment under Vermont Rule of Civil Procedure (V.R.C.P.) 59(e).

Standard Applicable to a Motion to Alter or Amend a Judgment

V.R.C.P. 59(e), which is substantially identical to Federal Rule 59(e), "gives the court broad power to alter or amend a judgment on motion within ten days after entry thereof." Drumheller v. Drumheller, 2009 VT 23, ¶ 28 (citing V.R.C.P. 59, Reporter's Notes). Rule 59(e) is a codification of the trial court's "inherent power to open and

correct, modify, or vacate its judgments." Id. (citing West v. West, 131 Vt. 621, 623 (1973)).[1]

A Rule 59(e) motion "allows the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enterprises, Inc., 164 Vt. 582, 588 (1996) (citing In re Kostenblatt, 161 Vt. 292, 302 (1994)). More specifically, the limited functions of a motion to alter or amend are "to correct manifest errors of law or fact on which the decision was based, to allow the moving party to present newly discovered or previously unavailable evidence, to prevent manifest injustice, or to respond to an intervening change in the controlling law." In re Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. July 10, 2008) (Wright, J.) (quoting 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil § 2810.0 (2d ed. 1995)); see also Appeal of Van Nostrand, Nos. 209-11-04 & 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.).

---

[1] Rule 59(e) motions to amend or alter only apply to a final judgment, not to interim decisions, such as the Court's March 25 Decision, which resolve only pretrial motions. See In re Mastelli Constr. Application, No. 220-10-07 Vtec, slip op. at 1 (Vt. Envtl. Ct. Nov. 14, 2008) (Durkin, J.), aff'd, Supreme Ct. No. 2009-072 (Sept. 4, 2009) (unpub. mem.) (stating that Rule 59(e) "only pertain[s] to judgments after trial or verdict," but not to decisions on pretrial motions); In re Sisters & Bros. Inv. Group, LLP, No. 106-5-06 Vtec, slip op. at 1, n.1 (Vt. Envtl. Ct. June 27, 2007) (Durkin, J.), aff'd, 2009 VT 58 ("[T]he pending motion [to amend] is not strictly governed by V.R.C.P. 59(e), since a final judgment has not yet been issued in this appeal."). Nevertheless, the Court considers motions for reconsideration of or motions to alter or amend orders involving pretrial motions under its "inherent powers to reconsider interim decisions[] so as to avoid error or manifest injustice." In re Mastelli, No. 220-10-07 Vtec, slip op. at 1; see also In re Sisters & Bros., No. 106-5-06 Vtec, slip op. at 1–2, n.1 (stating that "the more appropriate discretionary exercise" with such a motion "is to review it as a more general reconsideration request" (citing Morrisville Lumber Co. v. Okcuoglu, 148 Vt. 180, 182 (1987))). The court applies the standards applicable to Rule 59(e) motions to cases such as this one "by analogy." In re Martin & Perry, LLC, No. 222-10-08 Vtec, slip op. at 2 (Vt. Envtl. Ct. Jan. 22, 2010) (Durkin, J.).

<u>Motion to Clarify, or to Alter or Amend, the Court's March 25, 2010 Decision</u>

Appellants ask the Court to reconsider and to alter, or at least to clarify, its March 25, 2010 decision regarding two conclusions made in that decision. First, Appellants ask the Court to reconsider its conclusion that the Administrative Officer's purported revocation of Applicant's 2009 Zoning Permit was ineffective to revoke that permit. Instead, Appellants ask the Court to amend the March 25 decision to hold that the Zoning Administrator's purported letter of revocation validly revoked the Applicants' Accessory Use "A" permit.

Appellants also ask the Court to reconsider its conclusion that the 2009 Zoning Permit authorized Applicant to conduct a nonconforming Accessory Use "A" in his detached garage. Instead, Appellants ask the Court to "find that the May 2009 Permit allows the Applicant to 'work out of [his] garages' <u>as long as</u> the garages themselves are part of and entirely within the living area of the residence," which they are not. Motion for Summary Judgment, at 11. Appellants argue that requiring the garage to be within the living area of the residence would bring the authorized work within the definition of Accessory Use "A" and eliminate the need to declare it a nonconforming use. <u>Id</u>.

<u>Administrative Officer's Purported Revocation of the 2009 Zoning Permit</u>

The Court has fully reviewed Appellants' arguments regarding the effect of the Administrative Officer's purported revocation of the 2009 Zoning Permit, and declines to alter or amend its March 25, 2010 decision on that issue. <u>In re: Benning</u>, No. 184-9-09 Vtec, slip op. at 8–10. First, as discussed in that decision, the Administrative Officer's revocation letter was issued after the appeal period had run for appeal of the underlying permit, and therefore after the underlying permit had become final. <u>Id</u>. at 8–9. Second, also as discussed in that decision, revisions to the state statute effective on June 1, 2009, 24 V.S.A. § 4455, provide a procedure for revoking a final permit that was

4

not followed by the Town in the present case. Id. at 9–10. That statute requires the municipality to file a petition in Environmental Court to revoke a permit. See 24 V.S.A. § 4455 ("On petition by the municipality and after notice and opportunity for hearing, the environmental court may revoke a municipal land use permit . . . on a determination that the permittee violated the terms of the permit or obtained the permit based on misrepresentation of material fact.").

### 2009 Zoning Permit Authorizing Nonconforming Use on Applicant's Property

The Court also has fully reviewed Appellant's arguments regarding the effect of the 2009 Zoning Permit, and declines to alter or amend its March 25, 2010 decision on that issue. In re: Benning, No. 184-9-09 Vtec, slip op. at 6–7. The decision specifically stated that the 2009 Zoning Permit was limited to the terms of the permit application as approved by the Administrative Officer, which only authorized unspecified Accessory Use "A" work, and that the 2009 Zoning Permit did not authorize Applicant to perform automotive repair work out of his garage because automotive repair work "is specifically defined as an Accessory Use 'B.'" Id. at 6.

Rather, the decision made clear that the extent of the unappealed 2009 Zoning Permit was to allow only those types of uses that fall within the "Accessory Use 'A'" use category, which does not include automotive repair work, to be conducted in the detached garage. This is true even though, except for the error of the Administrative Officer in approving the Accessory Use "A" for the detached garage, "Accessory Use 'A'" uses otherwise would be allowed only within the living area of the residence. Therefore, the decision concluded that the 2009 Zoning Permit limits Applicant to conducting in his garage only those uses listed as an Accessory Use "A," such as a "small repair shop for small appliances," "home tutoring," or a "professional office[]." Zoning Bylaw § 2.2.

Appellants are correct that under Vermont law "there is a strong public interest in regulating the extension and undue perpetuation of nonconforming uses," and that "[o]ne of the primary goals of zoning is to gradually eliminate nonconforming uses." In re Casella Waste Mgmt., Inc., 2003 VT 49, ¶ 9, 175 Vt. 335 (citing In re Gregoire, 170 Vt. 556, 559 (1999) (mem.)). However, that policy does not alter the statutory protection afforded to a landowner who receives a permit for a use improperly authorized in error by an administrative officer. See 24 V.S.A. 4303(15) (defining "nonconforming use" as a "use of land that does not conform to all applicable laws, ordinances, and the present bylaws . . . including a use improperly authorized as a result of error by the administrative officer"). If such a permit becomes final, the use improperly authorized by that permit "becomes a nonconformity allowed to continue but not to be expanded except under the provisions of the zoning ordinance governing nonconformities." In re: Valois Airplane Storage Application, No. 254-11-07 Vtec, slip op. at 5, n.1 (Vt. Envtl. Ct. Jan. 12, 2010) (Wright, J.) Due to the policy disfavoring nonconforming uses, however, the provisions of zoning regulations applicable to nonconforming uses are to be strictly construed. See, e.g., Casella Waste Mgmt., 2003 VT 49, ¶ 9 (stating that the Court "strictly construe[s] zoning ordinances allowing nonconforming uses").

Accordingly, Appellants' Motion to Alter or Amend is denied. Mere disagreement between Appellants and the Court is not a proper basis for amendment of the judgment. Boutin PRD, No. 93-4-06 Vtec, slip op. at 2.

Motion for Summary Judgment on Question 8 of the Statement of Questions

In their renewed motion for summary judgment on the issue of whether notice of the permit was properly posted, Appellants ask the Court to find that Applicant did not properly post notice of the permit on his property during the fifteen-day appeal period, as required by 24 V.S.A. § 4449(b). Appellants also ask the Court to conclude that the

6

failure to post justifies their late filing of this appeal, and request that their appeal not be dismissed despite the fact that they filed their Notice of Appeal with the ZBA after the expiration of the fifteen-day appeal period.

Summary judgment is appropriate when record demonstrates "that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." V.R.C.P. 56(c)(3). When appropriate, summary judgment may be rendered against the moving party. V.R.C.P. 56(c)(3).

In determining whether there is a genuine issue of material fact, "the nonmoving party receives the benefit of all reasonable doubts and inferences.'" Pontbriand v. Bascomb, No. 2009-042, slip op. at 1 (Vt. July 20, 2009) (unpublished mem.) (quoting Samplid Enters. v. First Vt. Bank, 165 Vt. 22, 25 (1996)). Further, "[i]n determining whether there is a genuine issue as to any material fact, [the Court] will accept as true the allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (citing Quechee Lakes Landowners' Ass'n, 170 Vt. 25, 28 (1999)).

Nevertheless, in considering a motion for summary judgment, the trial court's function is "not to make findings on disputed factual issues." Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14; Gettis v. Green Mountain Economic Development Corp., 2005 VT 117, ¶ 19, 179 Vt. 117. In the context of summary judgment, the court does not adjudicate the credibility of the parties or their witnesses or the weight of the facts offered through the affidavits submitted on summary judgment. See Provost v. Fletcher Allen Health Care, Inc., 2005 VT 115, ¶ 15, 179 Vt. 545 (stating that summary judgment is not warranted simply because a movant offers facts that appear more plausible than those tendered in opposition, or if the opposing party appears unlikely to prevail at trial). Trial courts are cautioned that summary judgment "is not a substitute for a determination on the merits, so long as evidence has been presented which creates

an issue of material fact, no matter what view the court may take of the relative weight of that evidence." Fritzeen, 170 Vt. at 633 (internal citation omitted).

The Court has reviewed the affidavits and other documentary evidence, together with the parties' memoranda, filed in connection with the initial motion for summary judgment as well as in connection with the renewed motion for summary judgment. The very narrow issue of whether the posted notice was visible from the right-of-way of Burroughs Farm Road is the only remaining disputed fact; a brief hearing has been scheduled to take evidence on that disputed fact.

As discussed in the Court's March 25, 2010 decision, upon receiving the May 2009 Zoning Permit on May 11, 2009, Applicant was required by statute to post "a notice of permit . . . within view from the public right-of-way most nearly adjacent to the subject property until the time for appeal . . . has passed," which was until May 26, 2009. In re: Benning, No. 184-9-09 Vtec, slip op. at 5 (quoting 24 V.S.A. § 4449(b)). It is undisputed that the "public right-of-way most nearly adjacent to the subject property" is Burroughs Farm Road, on which both Applicant's and Appellants' homes are located. David Senesac Aff. & Denise Senesac Aff. ¶ 2 (Apr. 6, 2010) [hereinafter Senesac Affs.]; Benning Aff. ¶ 2 (Apr. 6, 2010). Neither party has presented a map or diagram of the property showing the location of the posted notice, but Mr. Benning's affidavit describes it as "approximately 15 feet from the southwest corner" of his property and "approximately 5 feet from the edge of the public right-of-way." Benning Aff. ¶ 2.

Appellants contend that Applicant did not post the notice of the permit within view from the public right-of-way of Burroughs Farm Road. In support of their argument, the Senesac affidavits state that from the road Appellants "have a clear view of the front [that is, the west side] of Applicant's property, including his mailbox," but that "there is thick vegetation just set back from and running along the property line parallel to the street, so [that] we cannot see very deep into the Applicant's property

8

from the street." Senesac Affs. ¶ 4.[2]  Although Appellants assert that the notice was not posted on Applicant's mailbox, and that it is customary for residents of Burroughs Farm Road to post zoning notices on their mailboxes, id. ¶ 5, posting on the mailbox is not required by the statute.  In this instance, all that the statute does require is that Applicant post the notice on his property in a location that could be seen from the right-of-way of Burroughs Farm Road.  24 V.S.A. § 4449(b).

The Senesac affidavits also reflect that, after being informed of the grant of the permit by a relative on June 2, 2009, Appellants went and looked for a posted notice, and found it posted "many feet behind [Applicant's] mailbox and the vegetation that ran along the road," and only visible after Appellants had "walked up the Applicant's property." Senesac Affs. ¶ 11.  Although Appellants claim that they had to "walk[] up the Applicant's property" in order to see the posted notice, they do not indicate how far onto the property they walked, whether they walked past the edge of the public right-of-way of Burroughs Farm Road, or whether they were able to see the notice from the right-of-way of Burroughs Farm Road once they were aware of the posting location.

On the other hand, Applicant asserts that he did properly post notice of the 2009 Zoning Permit on his property within view from the public right-of-way of Burroughs Farm Road from May 11, 2009, "until the time for appeal in 24 V.S.A. § 4465 passed." Benning Aff. ¶ 1.  A photograph attached to Applicant's affidavit depicts the Notice of Zoning Permit mounted on a wooden stake.  The affidavit states that "the location of the Notice of Zoning Permit is approximately 15 feet from the southwest corner" of his property and "approximately 5 feet from the edge of the public right-of-way."  Id. ¶ 2. Applicant's affidavit also states that the photograph was taken from a position "on the

---

[2]  Appellants also describe that they have a clear view of most of Applicant's property from their house, except for a portion that is blocked from view by a hedgerow. Senesac Affs. ¶ 4.  However, for the purposes of determining whether Applicant complied with 24 V.S.A. § 4449(b), a viewer's ability to see Applicant's property other than from the road right-of-way is not relevant.

easterly side of Burroughs Farm Road" on May 14, 2009, id.; the photograph contains an electronic date stamp of May 14, 2009.

In this instance, because the Senesac affidavits state that "the notice was not visible from the street," Senesac Affs. ¶ 11, and the Benning affidavit and photograph assert to the contrary that the notice was visible from Burroughs Farm Road, the Court must consider this fact to be in dispute. Therefore, a brief hearing has been scheduled to take evidence on the very narrow disputed fact of whether the posted notice was visible from the right-of-way of Burroughs Farm Road. If the Court finds that the location of the posted notice—located fifteen feet from the southwest corner of Applicant's property and five feet from the edge of the public right-of-way of Burroughs Farm Road—was visible from the right-of-way of Burroughs Farm Road, then judgment must be granted in Applicant's favor on Question 8 of the Statement of Questions, which in turn requires dismissal of this appeal as untimely filed.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion to Alter or Amend the Judgment is DENIED on both grounds. Summary Judgment on Question 8 of the Statement of Questions is DENIED due to the single material fact in dispute: whether the posted sign was visible from the right-of-way of Burroughs Farm Road. See enclosed notice of hearing, as well as notice of a brief prehearing telephone conference to discuss the procedures to be followed at the hearing.

Done at Berlin, Vermont, this 16th day of June, 2010.

_____
Merideth Wright
Environmental Judge