

STATE OF VERMONT

SUPERIOR COURT                    ENVIRONMENTAL DIVISION

In re Moore Accessory Structure Permit    }    Docket No. 161-8-09 Vtec
(Appeal of Smith and Siebeck)    }
                                 }
                                 }

Decision and Order on Appellants' V.R.C.P. 52(a) and V.R.C.P. 59 Motions

Appellants Gary Smith and Betsy Siebeck (Appellants) appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Pomfret, Vermont, upholding the Zoning Administrator's grant of a permit to construct a new building on Appellee David Moore's property to house a wood planer and to store wood shavings, and also upholding the Zoning Administrator's determinations that the existing structures and uses on David Moore's property are in compliance with the Pomfret Zoning Ordinance.

Appellants are represented by Marsha Smith Meekins, Esq.; Appellees A. David Moore, his sister Emily Moore Grube, and the Moore Family Partnership, LP (Appellees) are represented by A. Jay Kenlan, Esq.; and the Town of Pomfret is represented by Amanda S.E. Lafferty, Esq.

Procedural History

In 2010, the Court issued a decision resolving the cross-motions for summary judgment filed in this case. In re: Moore Accessory Structure Permit, No. 161-8-09 Vtec (Vt. Sup. Ct. Envtl. Div. Oct. 11, 2010) (Wright, J.) (hereinafter, as corrected,[1] "Summary Judgment Decision"). A full description of the history and relationship of the Moore family properties, together with a full history of the various state statutes applicable to this matter, is found in the Summary Judgment Decision. In the Summary Judgment Decision, the Court resolved the issue of whether any of the uses on the property are in violation. The Court also determined that three of the

---

[1] On February 17, 2011, the Court issued a decision denying both parties' V.R.C.P. 59(e) motions to alter or amend, but correcting footnotes 4 and 5 and the first paragraph on page 18 of the original summary judgment decision.

1

buildings are larger than the size eligible for exemption under Part 5 of the Zoning Ordinance—the Newman Planer/Shavings building, the WoodMizer Sawmill Shed, and the Lumber Drying Kiln—and therefore that these buildings would require zoning permits under Part 7 of the Zoning Ordinance unless Appellees would be able to show at trial that are considered to be "farming practices" or "agricultural use[s]" under the relevant statutes.

Specifically, if the sawing of logs and/or the drying and planing of lumber are considered to be farming practices or practices associated with farming, as farming is defined in 10 V.S.A. § 6001(22), then the buildings would be exempt from municipal permitting as farm structures under 24 V.S.A. § 4413(d).

Even if those buildings do not qualify for the 24 V.S.A. § 4413(d) exemption, if the sawing of logs and/or the drying and planing of lumber are considered to be agricultural uses within § 6.3 of the Zoning Ordinance, then the buildings only would require a non-discretionary permit from the Zoning Administrator under § 6.3, rather than requiring ZBA approval under § 7 of the Zoning Ordinance.

Trial was held on only these limited issues on the merits of the appeal remaining after the summary judgment decision, that is, on the issues remaining from Appellants' own Statement of Questions that had not been resolved by summary judgment. The parties were given the opportunity to submit written memoranda and requests for findings. On March 30, 2012, the Court issued its Decision and Order on Remaining Issues ("Final Decision"), incorporating by reference its Summary Judgment Decision, restating material from the Summary Judgment Decision as necessary for clarity, making additional findings, legal analysis, and conclusions, and resolving the remaining issues in favor of Appellees, concluding the appeal. The Final Decision is much shorter than the Summary Judgment Decision because it was required to resolve only the remaining issues, which were much more limited that the issues addressed on undisputed facts in the Summary Judgment Decision.

In the Final Decision, based on the evidence presented at trial, the Court concluded in favor of Appellants that the processing of logs into lumber and its byproducts does not itself fall within the definition of farming in 10 V.S.A. § 6001(22). However, the Court went on to conclude in favor of Appellees that that the processing of logs into lumber and its byproducts does fall within the scope of

2

"practices associated with ... farming practices" in 24 V.S.A. § 4413(d)(1) if the lumber and its byproducts are used on the farm, and that therefore the three buildings at issue are exempt from municipal regulation under § 4413(d)(1) and (2) as buildings used "for carrying out other practices associated with ... farming practices."

Appellants' V.R.C.P. 52(a) Request for Findings and Appellants' V.R.C.P. 59 Motion for New Trial or in the Alternative for New Findings and Conclusions and the Taking of Additional Testimony

Despite having had the opportunity to file requests for findings after the conclusion of the trial, Appellants have filed a new request for findings under V.R.C.P. 52(a)(1) and (a)(3), and have also moved for "new findings and conclusions" as well as for "the taking of additional testimony" or a new trial under V.R.C.P. 59. Appellants' motions appear to reflect some confusion about the relationship of the Summary Judgment Decision to the Final Decision, and also about the undisputed facts recited in the Summary Judgment Decision as compared with the limited additional facts found in the Final Decision on the limited remaining issues.

The Summary Judgment Decision was issued after the parties had filed cross motions for summary judgment and was based upon the undisputed facts provided by the parties. Appellants had ample opportunity in the briefing of the cross motions for summary judgment to provide all relevant undisputed facts and to make all relevant legal arguments, including to argue that certain facts were disputed and should be scheduled for trial.

To qualify for summary judgment, the facts must be undisputed; therefore, in ruling on a summary judgment motion it is not appropriate for the court to make factual "findings." However, it is helpful to the parties and to others reading a summary judgment decision for the court to lay out the undisputed facts in a narrative that explains and supports the legal conclusions reached by the court. See, e.g., Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21; 180 Vt. 14. In the Summary Judgment Decision in the present case, this Court described the undisputed facts in

3

some detail, especially as they related to the farm-related responsibilities of the three adult siblings in this case, and the farm-related functions carried out on each of the related properties. No entry of partial final judgment under V.R.C.P. 54(b) was requested or made based upon the Summary Judgment Decision. Rather, the remaining issues were scheduled for discovery and trial.

The Final Decision was issued after a two-day trial on all remaining contested issues of fact. The findings of fact stated throughout in the Final Decision are stated in plain declarative sentences and are stated within each section to which they pertain, rather than being numbered in a separate section headed "findings." The Final Decision is organized in this way intentionally, to make it easier to ascertain the findings on which each conclusion was based. Not only does the Final Decision make specific factual findings on the remaining contested issues, it also refers to the Summary Judgment Decision as necessary to remind the reader of facts already stated or issues already resolved by summary judgment.

### V.R.C.P. 59 Motion

Appellants have requested a new trial under V.R.C.P. 59(a), and, in the alternative, have requested the Court under V.R.C.P. 59(e) to take additional testimony and issue new findings and conclusions . Appellants have not, however, come forward with any grounds for a new trial, for the taking of additional testimony, or for the issuance of new findings or conclusions, under either subset of V.R.C.P. 59. Rather, Appellants had ample opportunity first to present through their summary judgment motion any facts claimed to be undisputed, and then to present any evidence, fact witnesses, or expert testimony on disputed facts at trial. The parties were allowed ample time for discovery of each other's evidence.

Vermont Rule of Civil Procedure 59(e), which is substantially identical to Federal Rule 59(e), "gives the court broad power to alter or amend a judgment on motion within ten days after entry thereof." Drumheller v. Drumheller, 2009 VT 23, ¶ 28 (citing V.R.C.P. 59, Reporter's Notes). Rule 59(e) is a codification of the trial court's "inherent power to open and correct, modify, or vacate its judgments." Id. (citing West v. West, 131 Vt. 621, 623 (1973)); see also In re Benning Accessory Use Permit, 184-9-09 Vtec, slip op. at 2 (Vt. Envtl. Ct. June 16, 2010) (Wright, J.)

(considering a "request for clarification" as a motion to alter or amend under V.R.C.P. 59(e)).

A Rule 59(e) motion "allows the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enterprises, Inc., 164 Vt. 582, 588 (1996) (citing In re Kostenblatt, 161 Vt. 292, 302 (1994)). More specifically, the limited functions of a motion to alter or amend a judgment are "to correct manifest errors of law or fact on which the decision was based, to allow the moving party to present newly discovered or previously unavailable evidence, to prevent manifest injustice, or to respond to an intervening change in the controlling law." In re Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. July 10, 2008) (Wright, J.) (quoting 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil § 2810.1 (2d ed. 1995)); see also Appeal of Van Nostrand, Nos. 209-11-04 & 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.). None of those factors is present or is even argued to be present in this case.

Rule 59(e) should not be used to "relitigate old matters or to raise arguments or present evidence that could have been raised prior to entry of the judgment." South Village Communities, LLC, No. 74-4-05 Vtec, slip op. at 2 (Vt. Envtl. Ct. Sept. 14, 2006) (Durkin, J.) (quoting Wright, Miller, & Kane § 2810.1). The movant's mere disagreement with the Court's decision is not grounds for reconsideration. In re Boutin PRD Amendment, No. 93-4-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 18, 2007) (Wright, J.). In the present case, the Court explained at length in its Final Decision the reasoning for determining that the buildings at issue in this case were used for "practices associated with . . . farming practices," 24 V.S.A. § 4413(d)(1), based on evidence as to farming practices presented by Appellants' as well as by Appellees' witnesses.

Accordingly, Appellants' "Motion for a New Trial or, in the Alternative[,] for New Findings and Conclusions, and the Taking of Additional Testimony Pursuant to V.R.C.P. 59" is hereby DENIED.

<u>V.R.C.P. 52(a) Motion</u>

V.R.C.P. 52(a)(1) provides the procedure for the Court to make findings or for parties to request findings after a bench trial. V.R.C.P. 52(a)(3) provides similarly for findings to be made on a dispositive motion that depends on disputed facts, that is, exclusive of a motion, such as one for summary judgment, that depends only on undisputed facts.

In the present case, the parties were given time to submit requests for findings and memoranda of law after the close of the trial, in addition to the written memoranda filed for summary judgment. Although the findings in the Final Decision are not numbered or contained in a separate section of the document, the Final Decision contains all of the Court's factual findings necessary to support the Court's conclusions and to address the remaining legal issues.

Accordingly, Appellants' "Request for Findings Pursuant to V.R.C.P. 52" is DENIED.

Done at Berlin, Vermont, this 10th day of August, 2012.

_____
Merideth Wright
Environmental Judge